[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
I. Statement of the Case
German American Capitol Corporation (GACC) commenced this foreclosure action by writ, summons, and complaint dated October 21, 1997. The complaint seeks the foreclosure of certain real property located at 85 and 90 Moosup Pond Road, Plainfield, Connecticut (the "Property"). The Property generally consists of the former American Standard plant and a surrounding parcel.
On or about March 29, 1996, GACC's predecessor in interest, Washington Mortgage Financial Group, LTD. ("WMFG"), made a loan CT Page 8301 (the "Loan") to Moosup Road Limited Partnership ("MRLP") in the original principal amount of $3,000,000. Affidavit of Silvia Spear submitted in support of the Motion for Summary Judgment (the "Affidavit"), ¶ 4. The Loan was evidenced by a mortgage note (the "Note") dated March 29, 1996, executed and delivered by MRLP and made payable to the order of WMFG. Affidavit ¶ 5 Pursuant to the terms of the Note, MRLP promised to pay to the order of WMFG the original principal amount of $3,000,000 together with interest, late charges, and other sums as provided for in the Note. Affidavit, ¶ 5.
To secure the obligations evidenced by the Note, MRLP executed and delivered to WMFG a mortgage, security agreement, and assignment of leases (the "Mortgage") dated March 29, 1996, in the original principal amount of $3,000,000, and recorded on March 29, 1996, in Volume 233, at Page 924 of the land records of the Town of Plainfield. Affidavit, ¶ 6.
WMFG subsequently assigned the Loan Documents to GACC, and GACC is now the holder and assignee of the Loan Documents. Affidavit, ¶¶ 13 and 14.
GACC alleges that the loan is currently in default by reason of, among other things, the following:
 (ii) The failure of MRLP to make timely the first payment due under the Loan in June 1996 and each month thereafter:
 (iii) MRLP has permitted mechanics liens to be recorded against the Property; and
 (iv) MRLP has failed to insure the Property as required by Section 3 of the Mortgage.
Prior to the commencement of this action, and in contemplation of workout negotiations among the parties, MRLP and GACC entered into a Pre-Negotiation Agreement dated December 5, 1996. Affidavit, ¶ 17. In the pre-negotiation agreement the parties agreed that:
 [MRLP] failed to pay certain sums as required by the Loan Documents and that [MRLP] is currently in default, as such term is defined in the mortgage securing the obligations, under the Loan Documents. On September 10, CT Page 8302 1996, the entire indebtedness evidenced and secured by the Loan Documents was accelerated.
In the Pre-Negotiation Agreement, MRLP released GACC from any and all claims, actions, causes of action, suits, and defenses that MRLP had against GACC for or by reason of any statement or utterance (whether oral or in writing) whatsoever that may be made by one party to any other during the course of the negotiations contemplated by the Pre-Negotiation Agreement. Pre-Negotiation Agreement, § 7.
Furthermore, in the Pre-Negotiation Agreement, MRLP:
. . . irrevocably waive[d] and release[d] any and all claims, actions, causes of action, suits, and defenses that each may have against [GACC] and its affiliates, officers, directors, agents, employees, representatives, successors, and assigns for or by reason of any matter, cause, or thing whatsoever occurring prior to the date of this Agreement; provided that nothing herein shall effect a release of any claim, action, cause of action, suit, or defense that [MRLP] or Rahaim} has or may have against Washington Mortgage Financial Group.
Pre-Negotiation Agreement, § 8.
Finally, the Pre-Negotiation Agreement States that:
 [MRLP] and [Rahaim] each acknowledges and agrees that, this Agreement notwithstanding, [GACC] has no obligation whatsoever to discuss, negotiate or to agree to any restructuring of the Obligations, or any modification, amendment, restructuring or reinstatement of the Loan Documents or this Agreement, or to forbear from exercising its rights and remedies under such documents.
Pre-Negotiation Agreement, § 11.
On or about January 5, 1998, MRLP filed an answer and special defenses in this case.[1] In their answer, MRLP admits execution of the Loan Documents but, notwithstanding the express language of the Pre-Negotiation Agreement, denies the existence of a default or the acceleration of the debt due to GACC. MRLP filed three special defenses. In its memorandum in opposition to CT Page 8303 the motion for summary judgment the defendant also states that the debt is subject to numerous set-offs which the defendant intends to claim.
GACC now moves for summary judgment with respect to the foreclosure complaint and the answer and special defenses filed by MRLP.
II Discussion a. Legal Standard
Summary judgment is proper where the pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Practice Book, § 384. "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party . . . the test is whether a party would be entitled to a directed verdict on the same facts." Connell v. Colwell214 Conn. 242, 246 (1990).
 b. A Dispute of Material Fact
The court finds that the defendant's answer raises a genuine issue of material fact. The defendant claims that on September 9, 1997, the debt had not been accelerated, the loan was current and the mechanics liens remained on the property because the plaintiff failed to pay them although the plaintiff had funds of the defendant available for that purpose.
Essentially, the plaintiff claims that the defendant's answer raises no genuine issue of material fact because the defendant has surrendered defenses and conceded default in the pre negotiation agreement.
By its terms, the pre-negotiation agreement imposes no obligation on the plaintiff. Our Supreme Court has held: "To agree to do something and reserve the right to cancel the agreement at will is no agreement at all." R.F. Baker Company v. P. Ballentine Sons, 127 Conn. 680 (1941).
A bilateral contract demands "mutuality of obligation".Hydro-Hercules v. Gary Excavating Inc., 166 Conn. 647,652, 653 (1974). CT Page 8304
The Court is convinced that the pre-negotiation agreement is so lacking in mutuality as to be unenforceable as a bilateral contract. However, "even contracts with substantial unilateral rights of cancellation or termination, are not totally void for lack of mutuality once there has been some performance that makes up for possible defects in consideration". Bank Trust Co.v. Robinson, 179 Conn. 232, 235 (1979).
Here the plaintiff claims such partial performance. The defendant, while not contesting some negotiation and some forbearance, denies that either was motivated by the pre-negotiation agreement. Rather the defendant claims that any forbearance or negotiation results from the plaintiff's desire "to securitize it" [the mortgage]. A genuine issue of material fact is presented as to whether there has been some performance that makes up for defects in consideration.
Because the court finds that the enforceability of the pre-negotiation agreement raises a genuine issue of material fact, it need not examine the special defenses in detail. The motion for summary judgment is denied.
BOOTH, J.